UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IDA AYERS,

                Plaintiff,                CASE NUMBER: 10-12857
                                        HONORABLE VICTORIA A. ROBERTS

v.

FLAGSTAR BANK, et al,

                Defendants.

_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

**I.     INTRODUCTION**

This matter is before the Court on Plaintiff's Motion for Reconsideration and

Motion to Amend. (Doc. 14).

**II.    BACKGROUND**

On July 20, 2010, *pro se* Plaintiff Ida Ayers filed suit against seven Defendants,

including the Michigan State Housing Development Authority (MSHDA).   Plaintiff's

claims center around the alleged wrongful foreclosure and auction of her home.

Plaintiff alleges that certain Defendants fraudulently misrepresented the property as a

legitimate foreclosure, and MSHDA, relying on these fraudulent misrepresentations,

purchased it.

On September 15, 2010, MSHDA filed a motion to dismiss pursuant to Rules

12(b)(1) and 12(b)(6), claiming that it was immune from suit and that Plaintiff failed to

state a claim against it.   Plaintiff did not respond to the motion.

1

On November 15, 2010, the Court granted MSHDA's motion. (Doc. 13).  Plaintiff now asks the Court to reconsider this dismissal.

### III.    STANDARD OF REVIEW

A Court will grant a motion for reconsideration if the movant can (1) "demonstrate a palpable defect by which the court and the parties . . . have been misled," and (2) show that "correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3).  "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)).  A motion for reconsideration that presents "the same issues ruled upon by the court, either expressly or by reasonable implication," will not be granted. E.D. Mich. LR 7.1(h)(3).

### IV.   ANALYSIS

In reviewing Plaintiff's motion, the Court is mindful that "[a] document filed *pro se* is 'to be liberally construed.'"  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*quoting Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  However, Plaintiff's argument is misguided.

Plaintiff says the Court erred in find MSHDA immune from suit because 11th Amendment sovereign immunity applies only when a citizen of a *different* state sues a state. This is inaccurate.

"While the [11th] Amendment by its terms does not bar suits against a State by its own citizens, [the United States Supreme] Court has consistently held that an

2:10-cv-12857-VAR-PJK   Doc # 19   Filed 01/28/11   Pg 3 of 5   Pg ID 177

unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan,* 415 U.S. 651, 662-63 (1975); *see also Hans v. Louisiana,* 134 U.S. 1 (1890). As a result, "[t]he Eleventh Amendment generally bars a suit for money damages brought in federal court against a state unless the state has waived its sovereign immunity or consented to be sued . . . ." *McCoy v. Michigan,* 369 Fed. Appx. 646, 653 (6th Cir. 2010). Furthermore, "[i]t has long been settled that the reference to actions 'against one of the United States' encompasses not only actions in which a state is actually named as the defendant, but also certain actions against state agents and state instrumentalities." *Regents of Univ. Of Cal. v. Doe,* 519 U.S. 425, 429 (1997). "Thus, 'when the action is in essence one for recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit . . . .'" *Id.* (quoting *Ford Motor Co. v. Dept. of Treas. of Ind.,* 323 U.S. 459, 464 (1945)).

Plaintiff does not contend that MSHDA is not a state agency. Nor does Plaintiff contend that the state has waived its sovereign immunity or consented to this suit. Plaintiff's motion is based entirely upon the erroneous claim that sovereign immunity does not bar suits against states by citizens of that state. The Court finds no reason to reconsider its finding that MSHDA is a state agency entitled to sovereign immunity. *See Morris v. Dehaan,* 944 F.2d 905 (6th Cir. 1991) (holding district court properly dismissed claims against MSHDA based on 11th Amendment immunity).

Plaintiff's motion to reconsider also contains additional allegations against MSHDA, which Plaintiff calls an amended complaint. The Court construes this as a Motion to Amend.

3

Amendments to pleadings are governed by the Federal Rules of Civil Procedure. Under Rule 15(a)(1), a party may amend the complaint once, as a matter of course, within twenty-one days after service of a motion to dismiss.

However, where a motion to dismiss has been served and twenty-one days have passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).  Although the "court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), leave to amend may be denied for: (1) undue delay, (2) lack of notice to the opposing party, (3) bad faith, (4) repeated failure to cure in prior amendments, (5) prejudice to the opposing party, or (6) futility of the amendments. *Foman v. Davis,* 371 U.S. 178, 182 (1962); *Perkins v. American Elec. Power Fuel Supply, Inc.,* 246 F.3d 593, 605 (6th Cir. 2001).  "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller v. Calhoun Cnty.,* 408 F.3d 803, 817 (6th Cir. 2005).

Here, Plaintiff's motion to amend comes much later than twenty-one days after being served with the motion to dismiss, and after the Court has already dismissed her claims against MSHDA.  Plaintiff has foregone her right to amend as a matter of course, and gives no reason for the untimeliness of her request.

 Moreover, Plaintiff's proposed amendment is futile because it would not change the disposition of her claims against MSHDA.  This Court cannot order the state to pay damages to compensate Plaintiff for past injuries, *see Edelman,* 415 U.S. 651, and Plaintiff's new allegations do not change or add to the Plaintiff's request for relief, which is an award of money damages.

**V.     CONCLUSION**

4

Plaintiff's Motion for Reconsideration is **DENIED.**

Plaintiff's Motion to Amend her Complaint is **DENIED.**

**IT IS ORDERED.**

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  January 28, 2011

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record and Ida Ayers by electronic means or U.S. Mail on January 28, 2011.<br><br>s/Linda Vertriest<br>Deputy Clerk |