UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IDA AYERS,

        Plaintiff,        CASE NUMBER: 10-12857
                                  HONORABLE VICTORIA A. ROBERTS

v.

FLAGSTAR BANK, et al,

        Defendants.
                                                  /

## ORDER

**I.    INTRODUCTION**

This matter is before the Court on (1) Wayne County Sheriff Department's and Ralph Leggat's Motion to Dismiss and Motion for Summary Judgment (Doc. 17); (2) Trott & Trott, P.C.'s (Trott) and Danielle Mearns' Motion to Dismiss and Motion for Summary Judgment (Doc. 23); (3) U.S. Bank's Motion for Summary Judgment (Doc. 29); and (4) Flagstar Bank's (Flagstar) Motion for Summary Judgment. (Doc. 18).

The Court **GRANTS** the motions in part, and declines to exercise supplemental jurisdiction over the remainder of Plaintiff's state law claims. Therefore, all of Plaintiff's claims are **DISMISSED.**

**II.    BACKGROUND**

On July 20, 2010, *pro se* Plaintiff Ida Ayers filed suit against seven Defendants. Plaintiff's claims center around the alleged violation of her mortgage and the alleged wrongful foreclosure on her home.  She alleges that Flagstar, the mortgage provider,

violated the Truth in Lending Act (TILA) by not providing her with required disclosures. She alleges U.S. Bank, the servicer of the mortgage, also failed to provide her with disclosures in violation of the TILA, and violated the Fair Debt Collection Practices Act (FDCPA). Additionally, she alleges that Defendant Trott, a law firm hired to handle the foreclosure, acted as a third party debt collector, violated the FDCPA, violated the mortgage, violated the TILA, and knowingly produced fraudulent documentation so that the wrongful foreclosure would look legitimate on its face. Plaintiff says Defendant Mearns, who is employed by Trott, knowingly prepared some of the fraudulent documents. Finally, Plaintiff alleges the sheriff's sale was invalid, and says Leggat, who acted as auctioneer, was not authorized to conduct a sheriff's sale under state law.

## III. STANDARD OF REVIEW

### A. Motion to Dismiss

When reviewing a 12(b)(6) motion to dismiss, the trial court "must construe the complaint liberally in the plaintiff's favor and accept as true all factual allegations and permissible inferences therein." *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994) (citing *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976)). Although this standard does not require "detailed factual allegations," it requires more than the bare assertion of legal conclusions unsupported by facts. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555-577 (2007).

To survive a motion to dismiss, a complaint must allege enough facts that, if true, show the claim for relief "is plausible on its face." *Id.* at 570. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the

complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 129 S.Ct.1937, 1950 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).

Complaints filed by *pro se* litigants are to be construed liberally and are not to be held to the same stringent standard as formal pleadings drafted by licensed attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). When examining a *pro se* complaint, special care should be taken to determine whether any set of facts would entitle the plaintiff to relief. *Hughes v. Rowe*, 449 U.S. 5, 10 (1980). However, it is not the role of the Court "abrogate basic pleading essentials in *pro se* suits." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

**B. Summary Judgment**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In reviewing a motion for summary judgment, "the evidence as well as all inferences drawn therefrom must be read in a light most favorable to the party opposing the motion." *Kochins v. Linden-Alimak, Inc.*, 799 F.2d 1128, 1133 (6th Cir. 1986).

The movant has the initial burden to demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant meets this burden, the nonmoving party must show a genuine issue for trial. A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The essential inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party

must prevail as a matter of law." *Id.* at 251-52. If the nonmoving party does not respond with specific facts showing a genuine issue for trial, summary judgment is appropriate. *Emmons v. McLaughlin*, 874 F.2d 351, 353 (6th Cir. 1989).

## IV. ANALYSIS

### A. Wayne County Sheriff Department Is Not a Legal Entity

Wayne County says Plaintiff fails to state a claim against the Wayne County Sheriff Department because it is not a legal entity that can be sued. The Court agrees. *See Sumner v. Wayne Cnty.,* 94 F. Supp. 2d 822, 827 (E.D. Mich. 2000) ("The Sheriff's Department is merely a department within the jurisdictional authority of Wayne County, and as such, is not legally separate from the county."); *Matthews v. Jones,* 35 F.3d 1046 (6th Cir. 1994) (Jefferson County Police Department not an entity which may be sued; county is proper party).

However, because Plaintiff is *pro se*, the Court liberally construes the Complaint as against Wayne County. This does not prejudice Wayne County in any way, since it is on notice of the claim and responded as though Wayne County was the named Defendant.

### B. Fraud Claims

#### 1. Fraud Claim Against Wayne County

Wayne County says Plaintiff's claim of fraud fails as a matter of law because Wayne County is entitled to governmental immunity from tort liability.

Under MCL 691.1404(1), "a governmental agency is immune from tort liability if the governmental agency is engaged in the exercise or discharge of a governmental

function." A "[g]overnmental function is an activity that is expressly or impliedly mandated or authorized by constitution, statute, local charter or ordinance, or other law." MCL 691.1401(f). The determination of whether an activity is a governmental function must focus on the general activity and not the specific conduct at the time of the tort. *Herman v. Detroit,* 261 Mich. App. 141, 144 (2004). Thus, a governmental agency can be vicariously liable "only when its officer, employee, or agent, acting during the course of his employment and within the scope of his authority, commits a tort while engaged in an activity which is nongovernmental or proprietary, or which falls within a statutory exception." *Ross v. Consumers Power Co.,* 420 Mich. 567, 625 (1984).

The Wayne County Sheriff Department conducts sheriff's sales under authority of state statute. *See* MCL 600.3216. Therefore, a sheriff's sale appears to be a governmental activity expressly authorized by statute, and Wayne County is immune from alleged torts resulting from this activity.

The Plaintiff fails entirely to address immunity in her response.

Wayne County is immune from tort liability with respect to the sheriff's sale; Plaintiff's fraud claim against Defendant Wayne County is dismissed.

### 2. Fraud Claim Against Leggat

Leggat says Plaintiff's fraud claim against him must be dismissed because Plaintiff fails to allege elements of the claim.

To establish a claim for common law fraud, a plaintiff must show that: "(1) the defendant made a material representation; (2) the representation was false; (3) when the defendant made the representation, the defendant knew that it was false, or made it

recklessly, without knowledge of its truth and as a positive assertion; (4) the defendant made the representation with the intention that the plaintiff would act upon it; (5) the plaintiff acted in reliance upon it; and (6) the plaintiff suffered damage." *Belle Isle Grill Corp v. Detroit*, 256 Mich. App. 463, 477 (Mich. Ct. App. 2003).

Plaintiff alleges in the Complaint that Leggat performed an "illegal" sheriff's sale because he was not a proper person to auction the property. In her response to this motion, Plaintiff explains that Leggat was not a sheriff, and was not properly appointed as a special deputy sheriff. Plaintiff says Leggat had no authority to conduct the auction or sign the deed. She says Leggat made a material misrepresentation when he described himself as a deputy sheriff.

Leggat says Plaintiff's claim must be dismissed because she failed to allege that Leggat made any false representations upon which she relied.

Even if the Court assumes that Leggat made false representations, these allegations are insufficient to state a claim of fraud that is plausible on its face. Plaintiff does not allege she relied upon any of Leggat's alleged misrepresentations. To the contrary, she alleges another defendant acted in reliance upon them by bidding at the auction and purchasing the property, even though Leggat had no true authority to sell it. If Plaintiff's allegations are true, the purchaser of the property, not Plaintiff, is the party who was defrauded by Leggat.

Plaintiff's fraud claim against Defendant Leggat is dismissed.

To the extent Plaintiff brings a separate state law claim to set aside the mortgage because of alleged fraud or irregularities by Leggat in connection with the sheriff's sale, the Court expresses no opinion.

### 3.     Fraud Claims Against Trott and Mearns

Trott and Mearns say Plaintiff's fraud claims must be dismissed because Plaintiff fails to allege elements of common law fraud.

To establish a claim for common law fraud, a plaintiff must show that: "(1) the defendant made a material representation; (2) the representation was false; (3) when the defendant made the representation, the defendant knew that it was false, or made it recklessly, without knowledge of its truth and as a positive assertion; (4) the defendant made the representation with the intention that the plaintiff would act upon it; (5) the plaintiff acted in reliance upon it; and (6) the plaintiff suffered damage." *Belle Isle Grill Corp. v. Detroit*, 256 Mich. App. 463, 477 (Mich. Ct. App. 2003).

Plaintiff alleges in the Complaint that Trott and Mearns fraudulently prepared documents "to look legal for the Courts." ¶ 34. For example, Plaintiff says the Affidavit of Purchaser prepared by Mearns was fraudulent because the date of purchase listed in the affidavit was before the date the sale took place.

Even if the Court assumes that all of Plaintiff's allegations against Defendants are true, and Trott and Mearns did knowingly falsify affidavits and other documents for the foreclosure, Plaintiff does not state a claim for common law fraud that is plausible on its face. This is because Plaintiff does not allege that she is the party that relied upon these alleged misrepresentations. To the contrary, she alleges others acted in reliance upon, them by bidding at the auction and purchasing the property. If Plaintiff's allegations are true, it is likely the purchaser of the property, not Plaintiff, was defrauded by Trott and Mearns under common law.

Plaintiff's common law fraud claim against Trott and Mearns is dismissed.

To the extent Plaintiff brings a separate state law claim to set aside the mortgage because of alleged fraud or irregularities by Trott or Mearns in connection with her foreclosure, the Court expresses no opinion.

### C.     Fair Debt Collection Practices Act Claims

Congress enacted the FDCPA to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."  15 U.S.C. § 1692(e). The language of the Act is "'extraordinarily broad,' crafted in response to what Congress perceived to be a widespread problem."  *Barany-Snyder v. Weiner*, 539 F.3d 327, 333 (6th Cir. 2008) (citation omitted).  "Courts have characterized the FDCPA as a strict liability statute, meaning that a consumer may recover statutory damages if the debt collector violates the FDCPA even if the consumer suffered no actual damages."  *Fed. Home Loan Mortg. Corp. v. Lamar*, 503 F.3d 504, 513 (6th Cir. 2007) (citations omitted).

#### 1.     FDCPA Claim Against Trott

Trott says Plaintiff fails to state a claim under the FDCPA because she does not adequately plead facts to show that Trott is a debt collector.  The Court disagrees.

Under the FDCPA, a "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. §

1692a(6).

Plaintiff alleges Trott acted as a "third party debt collector in this action as evidenced by attached dunning letter dated November 5, 2009." Compl. ¶ 23. The attached exhibit is a letter sent to Plaintiff by Trott. This letter states directly under Trott's contact information: "This firm is a debt collector attempting to collect a debt. Any information we obtain will be used for that purpose." Compl. Ex. 1.

Plaintiff sufficiently pleads facts to show Trott is a debt collector; Trott's argument is without merit.

Next, Trott says Plaintiff presents no evidence that Trott qualifies as a debt collector under the FDCPA, so summary judgment is appropriate. There is disagreement among the Circuits, and indeed, among courts within this district, as to whether a law firm handling a foreclosure qualifies as a debt collector under the FDCPA. However, the Court finds it unnecessary to decide this issue, because even assuming Trott is a debt collector, as a matter of law, Trott did not violate the § 1692g(b) of the FDCPA.

This section states:

If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

In response to the letter dated November 5, 2009, Plaintiff sent Trott a written notice of dispute, dated November 11, 2009, asking Trott for verification of the debt.

Plaintiff specifically requested "competent evidence" of her contractual obligation to pay. Plaintiff attached to this request a form titled "creditor disclosure statement," which she asked Trott to complete in order to verify her debt.

In response, Trott sent Plaintiff a letter dated November 17, 2009, which stated: "Please find enclosed a payment history that I have received from my client, US Bank Home Mortgage Wisconsin Servicing which is a validation and verification of the debt. Please review the enclosed and compare the same with your payment records. Please advise me of any discrepancies." The payment history included Plaintiff's name, the property address, the lender's name, the loan number, the current principal balance, interest rate, payments made, escrow balances, and late charges from January 1, 2007 (the origination date of the loan) through November 16, 2009.

Plaintiff responded by sending Trott several notices, in which she "rejected" Trott's verification of the debt. Plaintiff says Trott's response was not proper verification, and Trott never sent her proper verification. In her deposition, Plaintiff explained that proper verification is a copy of the mortgage and promissory note. Trott argues that, as a matter of law, the payment history Trott sent Plaintiff satisfied Trott's obligations under the FDCPA.

Because Plaintiff sent Trott a written notice demanding verification of the debt within 30 days of Trott's initial contact with Plaintiff, § 1692g(b) was triggered. This section requires a debt collector to stop attempting to collect the debt "until the debt collector obtains verification of the debt or a copy of the judgment, or the name and address of the original creditor," and mails this information to the debtor. There is no time frame in which a debt collector must verify the debt to satisfy §1692g(b). "In fact, §

1692g(b) does not require the debt collector to validate the debt at all, as long as it ceases any collection activity." *Pernell v. Arrow Fin. Servs.,* 303 Fed. Appx. 297, 303 (6th Cir. 2008). Moreover, after verification is mailed to the consumer, the debt collector may continue its collection attempts.

Here, Trott chose to verify the debt instead of ceasing collection attempts altogether. Thus, to comply with § 1692g(b), Trott was required to obtain verification of the debt and mail it to Plaintiff. The statute does not require the verification to be in the form of the mortgage and note, as Plaintiff contends. "[V]erification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed; the debt collector is not required to keep detailed files of the alleged debt." *Chaudhry v. Gallerizzo,* 174 F.3d 394, 406 (4th Cir. 1999). And, "[t]here is no concomitant obligation to forward copies of bills or other detailed evidence of the debt." *Id.* Moreover, other courts in this district hold that similar forms of verification are sufficient. *See, e.g., Thomas v. Trott & Trott, P.C.,* 2011 WL 576666 (E.D. Mich. Feb 9, 2011) (verification consisting of name of borrower, property address, mortgagee name, loan number, and total estimated payoff amount is sufficient to satisfy § 1692g(b)); *Mabry v. Ameriquest Mortgage Co.,* 2010 WL 1052353 (E.D. Mich. Feb. 24, 2010) (verification consisting of name of the borrower, property address, origination date, loan amount, current mortgagee and address, and original mortgagee and address is sufficient to satisfy § 1692g(b)).

The Court finds that, as a matter of law, the letter and payment history Trott sent to Plaintiff was sufficient to verify the debt. Furthermore, Plaintiff does not contend that Trott continued collection attempts before sending her the verification. To the contrary,

the evidence submitted by the parties shows that the next communication Trott sent to Plaintiff was the verification, and the foreclosure sale took place after the verification. There is no evidence that Trott continued collection attempts before sending Plaintiff the verification.

Finally, Plaintiff's rejection of the verification does not change the Court's conclusion that Trott did not violate the FDCPA, because Trott was not required to comply with all of Plaintiff's requests; Trott was only required to meet the verification procedure set forth in the FDCPA.

Trott & Mearns are entitled to summary judgment.

### 2. FDCPA Claims Against U.S. Bank

U.S. Bank says it does not qualify as a debt collector under the FDCPA, so Plaintiff's claims should be dismissed. U.S. Bank relies on a payment history submitted by co-Defendant Trott & Trott, P.C., showing Plaintiff's payment history with U.S. Bank. U.S. Bank says it began servicing the mortgage at the beginning of 2007, but Plaintiff did not default on her mortgage until 2009. Thus, U.S. Bank says it is not a "debt collector" under the FDCPA because the debt was not in default when U.S. Bank obtained it.

Under the FDCPA, a "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). However, a person who attempts to collect "a debt which was not in default at the time it was obtained by such a person" is not a debt collector under the FDCPA.

15 U.S.C. § 1692a(6)(F)(iii); *Wadlington v. Credit Acceptance Corp.,* 76 F.3d 103, 107 (6th Cir. 1996).

Plaintiff does not dispute the accuracy of the payment history upon which U.S. Bank relies, or its interpretation of that history. Based upon this information, U.S. Bank is not a "debt collector" subject to the FDCPA.

### D.      Truth in Lending Act Claims

#### 1.      TILA Claims Against Trott

Plaintiff alleges Trott violated the TILA. However it is unclear from the Complaint how Trott allegedly did so. Plaintiff attempted to clarify this claim during her deposition. It appears she is alleging that she did not receive certain disclosures as required by TILA. However, it is unclear why she is alleging this claim against Trott; she appears to concede that Trott was not a party to her mortgage agreement. In any event, Defendants say Plaintiff's claim under TILA is barred by the statute of limitations. To the extent that this fairly represents Plaintiff's TILA claim, the Court agrees.

TILA has a one year statute of limitations on claims for money damages for failure to disclose required information. 15 U.S.C. § 1640(e). The limitations period begins to run from the date the violation occurred. 15 U.S.C. § 1640(e).

Plaintiff executed the mortgage on the foreclosed property on May 28, 2003. Under the TILA, the disclosures must be "given not less than 3 business days prior to the consummation of the transaction." 15 U.S.C. § 1639(b). Thus, even if it is true that Plaintiff was not given disclosures required under the TILA, the claim for money damages is barred because the one year limitations period expired well before she filed

this suit. *See Bey v. Mortgage Electronic Registration Systems, Inc.,* 2009 WL 2524754 (E.D. Mich. Aug. 14, 2009).

Moreover, to the extent Plaintiff seeks to rescind the transaction, she is barred from doing so. TILA explicitly excludes rescission as a remedy for residential home mortgage transactions. 15 U.S.C. § 1635(e)(1). And, even if rescission was an available remedy, the three year statute of limitations for rescission expired well before Plaintiff filed this suit. 15 U.S.C. § 1635(f).

Plaintiff's TILA claim against Trott is dismissed.

### 2. TILA Claims Against U.S. Bank

Although the Complaint is somewhat unclear, Plaintiff seems to allege U.S. Bank violated the TILA by failing to provide her with required notices when she obtained her mortgage. U.S. Bank says it did not provide her with the mortgage; it is only the loan servicer. Thus, it was not required to give her any disclosures and did not violate the TILA. Moreover, U.S. Bank says Plaintiff's claims under the TILA are barred by the statute of limitations. For the reasons discussed above, the Court agrees.

Plaintiff's TILA claim against U.S. Bank is dismissed.

### 3. TILA Claims Against Flagstar

Plaintiff alleges Flagstar violated the TILA by failing to provide her with required notices when she obtained her mortgage. Flagstar says it did not violate the TILA, and Plaintiff's claims under the TILA are barred by the statute of limitations. For the reasons already discussed, the Court agrees.

Plaintiff's TILA claim against Flagstar is dismissed.

### E. Attempt to Amend Complaint in Responses

Plaintiff appears to allege multiple claims against Defendants in her responses to their motions that she did not allege in her Complaint. In addition, Plaintiff refers to multiple persons as "defendants" who do not appear to be parties to this action, and appears to allege claims against them. This is improper. A plaintiff may not omit claims or defendants from her complaint and raise them for the first time in a response brief.

### F. Remaining Claims Under State Law

While this Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367(a), the Court also has discretion to decline to exercise supplemental jurisdiction when it has dismissed all claims over which it had original jurisdiction. *See* 28 U.S.C. § 1367(c).

To the extent that any of Plaintiff's state law claims remain, the Court declines to exercise supplemental jurisdiction over them. Therefore, it is not necessary for the Court to address Defendants' arguments against these claims; the claims are dismissed without prejudice.

## V. CONCLUSION

(1) Plaintiff's claims for common law fraud against Wayne County, Leggat, Trott, and Mearns are dismissed.

(2) Plaintiff's claims under the Fair Debt Collection Practices Act against Trott and U.S. Bank are dismissed.

(3) Plaintiff's claims under the Truth in Lending Act against Trott, U.S. Bank, and Flagstar are dismissed.

(4) To the extent Plaintiff attempts to amend her Complaint in her response briefs, the Court denies leave to do so.

(5) The Court declines to exercise supplemental jurisdiction over the remainder of Plaintiff's state law claims; those claims are dismissed without prejudice.

**IT IS ORDERED.**

                                   s/Victoria A. Roberts
                                   Victoria A. Roberts
                                   United States District Judge

Dated: June 13, 2011

> The undersigned certifies that a copy of this document was served on the attorneys of record and Ida Ayers by electronic means or U.S. Mail on June 13, 2011.
>
> s/Linda Vertriest
> Deputy Clerk